UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AG NET LEASE ACQUISITION CORP.; and AGNL ANTENNA, L.P.,<br>　　　　　　Plaintiffs,<br>v.<br>RONALD BUSCHUR; and KEVIN MICHAELS,<br>　　　　　　Defendants. | <u>CLASS ACTION</u><br><br>Case No. 13-CV-01631-CJC (JPR)<br><br>JOINT AMENDED CONFIDENTIALITY AND PROTECTIVE ORDER |

The Parties in the above-captioned actions—Lead Plaintiff Government of Bermuda Contributory and Public Service Superannuation Pension Plans, Plaintiff AG Net Lease Acquisition Corp., Plaintiff AGNL Antenna, L.P., Defendant Ronald Buschur, and Defendant Kevin Michaels— (collectively, the "Parties") have jointly stipulated to a Confidentiality and Protective Order and requested that this Court issue such order for the purpose of maintaining confidentiality of certain discovery material to be disclosed in both actions: *Kmiec v. Powerwave Technologies, Inc.*, No. 12-cv-00222-CJC(JPR) (C.D. Cal.), and *AG Net Lease Acquisition Corp. v. Buschur*, No. 13-CV-01631-CJC (JPR) (C.D. Cal.).

Having reviewed the Stipulation Regarding Proposed Confidentiality and Protective Order by the Parties, the undersigned, having found that a Confidentiality and Protective Order is appropriate to preserve the confidentiality of sensitive, confidential, proprietary and/or protected information, including, without limitation, customer information that has been or will be requested and produced in discovery in these matters or otherwise revealed or obtained, and necessary to protect the integrity of this information, the rights of the Parties, and the rights of others not party to this proceeding,

IT IS HEREBY ORDERED:

1. Definitions:

    (a) Litigation: *Kmiec v. Powerwave Technologies, Inc.*, No. 12-cv-00222-CJC(JPR) (C.D. Cal.), and *AG Net Lease Acquisition Corp. v. Buschur*, No. 13-CV-01631-CJC (JPR) (C.D. Cal.).

    (b) Party: any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    (c) Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Litigation.

1     (d) Plaintiffs: Government of Bermuda Contributory and Public Service Superannuation Pension Plans, AG Net Lease Acquisition Corp., and AGNL Antenna, L.P.

   (e) Defendants: Ronald Buschur and Kevin Michaels.

   (f) Producing Party: a Party or Non-Party that produces disclosure or discovery material in this Litigation.

   (g) Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

   (h) Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   (i) Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

  2. In responding to a Party's discovery request, each Producing Party, acting in good faith, may designate as Confidential any document, thing, or information (including testimony) it believes contains trade secrets, confidential research, development, commercial or financial information or customer information, or any other proprietary, confidential or otherwise protected information. Publicly available information may not be designated Confidential. If such information is improperly designated Confidential, the parties may disregard that designation.

  3. All documents, things, or information designated as Confidential, including all copies, extracts, or summaries of and information obtained from any documents, things, or information designated as Confidential ("Confidential Material"), shall be used in connection with the Litigation and appeal of this action only, including enforcement of any judgment or settlement thereon. Confidential Material shall not be used for any other purpose, and shall not be disclosed to any other person or entity except as provided in this Order.

4. Each document holding Confidential Material must be reviewed on a page-by-page basis. Only those portions of the document containing protected information may be marked as Confidential. Any of the following methods shall be sufficient to designate material as confidential:

(a) prominently marking each confidential page of each confidential document "Confidential" at or before the time of its production; or

(b) labeling a storage medium of material produced in electronic format as "Confidential."

5. The inadvertent failure to make a Confidential designation may be corrected in accordance with paragraph 11 below.

6. Non-Parties from whom discovery is sought by the Parties to this Litigation may designate information as "Confidential" consistent with the terms of this Order. Under such circumstances, information designated "Confidential" by a Non-Party is assigned the same protection as information designated by a Party. All obligations applicable to a Party receiving such information from another Party shall apply to any Party receiving such information from a Non-Party.

7. If a Party disagrees with a Confidential designation, that Party ("Moving Party") may serve a written notice of objection to the other Party ("Opposing Party"), identifying each issue in dispute and the Moving Party's position on the issue. Failure to do so before the close of discovery shall waive any contention that the Confidential designation is improper. Subsequently, in accordance with Local Rule 37-1, counsel for the Opposing Party shall confer in good faith with counsel for the Moving Party and attempt to resolve the dispute within 10 days after receipt of the objection. If the Parties are unable to settle their differences they shall file a Joint Stipulation, pursuant to Local Rule 37-2. The stipulation shall contain all issues in dispute and, with respect to each issue, the contentions and points and authorities of each party, and a statement of how each party proposed to resolve the dispute during the conference of counsel. The Joint Stipulation shall be filed with the notice of motion, and each Party

may file a supplemental memorandum of law not later than 14 days prior to the noticed hearing date.

8. Confidential Material produced by Non-Parties may be made available to and inspected by the following only:

    (a) The Parties and their officers, employees, consultants, and agents that are assisting in the prosecution or defense of this Litigation;

    (b) Counsel for the Parties and their employees, consultants, and agents;

    (c) The undersigned;

    (d) Employees of the Court in the scope of their employment only;

    (e) Court reporters designated by the Parties or the undersigned;

    (f) Expert witnesses for the Parties, their employees, consultants, agents, and counsel, to the extent that such disclosure is necessary for them to prepare for this case;

    (g) Any other witnesses and their counsel, to the extent that such disclosure is directly relevant to the testimony of the witness; and

    (h) the author(s) of the document and/or any person(s) listed as recipients.

9. Confidential Material produced from the internal files of the Plaintiffs may be made available to and inspected by the following only:

    (a) Defendants and their consultants and agents that are assisting in the prosecution or defense of this Litigation;

    (b) Counsel for the Defendants and their employees, consultants, and agents;

    (c) The undersigned;

    (d) Employees of the Court in the scope of their employment only;

    (e) Court reporters designated by the Parties or the undersigned;

    (f) Expert witnesses for the Defendants and their employees, consultants, agents, and counsel, to the extent that such disclosure is necessary for them to prepare for this case;

    (g) Any other witnesses and their counsel, to the extent that such disclosure is directly relevant to the testimony of the witness; and

    (h) The author(s) of the document and/or any person(s) listed as recipients.

  10. Nothing in this Order shall affect the right of any Party at any hearing or trial in this case to offer any document or testimony designated Confidential as evidence in this case.

  11. Disclosure of Confidential Material shall be consistent with this Order. Before any such disclosure is made, the person or entity receiving the material in question shall be provided a copy of this Order and, upon agreement, will be bound by these terms.

  12. This Order shall not be construed as a waiver of any Party's right to object to admission of the Confidential Material at any hearing. This Order shall not be construed to impair any Party's right to object to any discovery request.

  13. This Order was agreed to by the Parties, among other reasons, for the purpose of facilitating the exchange of documents and information in such a manner as to limit the need to seek the Court's involvement in that process. The Parties also contemplate that they will be exchanging significant quantities of documents over the course of the Litigation and wish to adopt procedures to expedite this process. For these reasons, the Parties have agreed that the production of Confidential Material without the appropriate designation will not be deemed a waiver in whole or in part of a Party's prior or subsequent claim of confidentiality. Upon notice that Confidential Material has been produced without the appropriate stamp or legend, the Producing Party may designate the materials as "Confidential" by producing corrected copies of the Confidential Material that bear the required stamp or legend. Disclosure of such

information by any other Party prior to such later designation is not a violation of this Order.

14. At the conclusion of this Litigation, including any appeals, all Confidential Material which has not been introduced into evidence in this case shall be destroyed or returned to the Producing Party within 30 days except insofar as is necessary for counsel to maintain their litigation files or as is technologically infeasible. To the extent that a Party does not destroy Confidential Material at the conclusion of this Litigation, that Party agrees to maintain the undestroyed Confidential Material in accordance with this Order.

15. In the event that any additional party is added to this Litigation, each additional party shall, upon agreement with the terms, be governed by this Order.

16. Pursuant to Local Rule 79-5, the Parties consent to file with the Court only those Confidential Materials that they determine are both relevant and necessary. Also, upon submission of such information, the filing Party agrees to request that the Confidential Material be filed under seal.

17. Nothing in this Order precludes any Party from seeking to seal any Confidential Material under Local Rule 79-5 or the Federal Rules of Civil Procedure either before or after the Confidential Material is filed with the Court.

18. Nothing in this Order precludes any Producing Party from disclosing the Confidential Material it has produced to any person.

IT IS SO ORDERED.

DATED: May 14, 2014

_____
THE HONORABLE JEAN P. ROSENBLUTH